State v. Dunwoody.

---

THE STATE v. WILLIAM DUNWOODY, Appellant.

Division Two, November 29, 1910.

1. INDICTMENT: Voter: Fraudulent Attempt to Vote. An indictment which charged that the defendant, whose name is William Dunwoody, "unlawfully, feloniously, willfully, knowingly, falsely and fraudulently did then and there offer and attempt to register under a name not his own, to-wit, under the name of George Casey," etc., sufficiently charges that defendant attempted to register under a name not his own.

2. VOTER: Attempting to Register Under False Name: Signature as Evidence. The signature of defendant executed by him, in his right name, at the suggestion of a police officer that he sign his name, is competent to identify him, in a prose-

cution for having attempted fraudulently to register as a voter under a false name.

3. ———: ———: **Prior Registration: Book as Evidence.** Where defendant is being tried for having attempted to register as a voter under a false name, evidence tending to prove that he had previously registered in another election precinct under his right name, and the registration book of that precinct containing his name, are competent evidence for the purpose of identification, even though it tended to show he was guilty of another offense.

Appeal from St. Louis City Circuit Court.—*Hon. Geo. H. Shields,* Judge.

AFFIRMED.

*Elliott W. Major,* Attorney-General, and *James T. Blair,* Assistant Attorney-General, for the State.

(1) The indictment was drawn under Sec. 4441, R. S. 1909 (2120 j., Laws 1903, p. 158). It conforms to the form approved in State v. Cummings, 206 Mo. 623. It is not subject to the criticism to which the information was subjected in State v. Keating, 202 Mo. 201. The Cummings case was followed in the case of State v. Tiernan, 223 Mo. 147. The case at bar is a prosecution for attempting to register under a name not that of appellant, while the Cummings and Tiernan cases were prosecutions for the completed offense. The indictment here follows the cases named, as stated, and also charges the attempt in proper manner. The indictment charges the appellant with doing everything he could have done short of actually registering under the name of "George Casey." If an attempt can be charged under the section mentioned (as it assuredly can), this indictment clearly charges it. This indictment was not drawn under Sec. 4894, R. S. 1909, but under Sec. 4441, R. S. 1909. Consequently there was no need to allege that appellant was "prevented or intercepted," as in State v. Montgomery, 109 Mo. 645.

231 Sup.—4.

Such allegation is not necessary in indictments drawn under sections of the statute aimed directly at the punishment of an attempt to commit a specified crime. State v. Neal, 178 Mo. 69. Cases of this kind are not further applicable here, but in the respect mentioned seem in point. (2) All that is required is substantial evidence of guilt. This much and more appears in the record brought here. The request to instruct an acquittal was properly refused. State v. Miller, 188 Mo. 379; State v. McGhee, 188 Mo. 409; State v. Smith, 190 Mo. 723. (3) The first objection in the record was as to a certain signature of appellant of date July 5, 1907. Appellant's identity as William Dunwoody was an issue. A former signature by him as William Dunwoody was entirely competent. It was equivalent to an admission of his identity, and no more. Besides, the paper is not brought here, and this court cannot assume its incompetency. (4) The second objection was to the admission of appellant's signature under the name of William Dunwoody on the registration books of a precinct other than that in which the offense charged in the indictment was committed. Appellant was identified as the man who there signed as William Dunwoody. Appellant's counsel asserted in the course of a colloquy concerning the admission of this evidence that he did not admit appellant's name to be William Dunwoody. There was no intimation that appellant had committed any offense by registering in the other precinct. Under these circumstances his signature was admissible as an admission of his identity, in connection with the other evidence on that head. Even evidence tending to show the identity of the accused is admissible, even though such evidence tends to show him guilty of a separate offense. Underhill on Crim. Ev., sec. 91; 1 Wigmore on Ev., sec. 414. (5) The first instruction is a copy of one heretofore approved by this court, except that it instructs as to an attempt to register instead of as to the completed offense. State

v. Cummings, 206 Mo. 618. (6) The instructions as
to (a) the indictment, (b) the presumption of inno-
cence, (c) reasonable doubt, (d) credibility of wit-
nesses, (e) the exclusion of remarks and questions of
counsel and testimony stricken out, (f) and argument
of counsel, are in oft-approved form. State v. Don-
nelly, 130 Mo. 648; State v. Alexander, 119 Mo. 459;
State v. Nueslein, 25 Mo. 124; State v. Wright, 134 Mo.
419; State v. Hudspeth, 159 Mo. 193; State v. Brooks,
92 Mo. 557.

BURGESS, J.—Defendant was convicted in the
circuit court of the city of St. Louis of the offense of
attempting to register as a voter under a name not his
own, and his punishment assessed at two years and six
months in the penitentiary. Timely motions for new
trial and in arrest of judgment were filed and over-
ruled. Sentence was formally pronounced and an ap-
peal allowed to this court. The facts disclosed by the
evidence are as follows:

On the 14th, 15th, 16th and 17th of September,
1908, there was a general registration of voters in the
city of St. Louis. The judges and clerks of registra-
tion for the Ninth election precinct of the Fifteenth
ward of said city had been duly appointed, had quali-
fied, received the necessary books and blanks, and en-
tered upon the discharge of their duties. On the 17th
day of September, 1908, between nine and ten o'clock
a. m., the defendant presented himself before the
judges and clerks of the said Ninth election precinct
of the Fifteenth ward, and said he desired to register.
He gave his name as George Casey, his residence as
No. 709 North 18th street, and was duly sworn by one
of the judges of registration. A second judge then
challenged the defendant's right to register, and called
in a police officer, who placed him under arrest. At
the police station he first gave his name as George
Casey, and then admitted that his name was Dun-

woody. He was identified as William Dunwoody by several policemen who knew him. It appeared from the evidence that defendant had previously registered in another election precinct under the name of William Dunwoody, and he was identified as the man who there signed under that name. Such signature was offered in evidence by counsel for the state for the purpose of identifying the defendant as William Dunwoody.

The defendant offered no testimony, but moved the court to instruct the jury to acquit, which motion was denied, and defendant excepted.

Defendant's counsel filed no brief in this case, and he is not represented in this court. Several grounds for new trial are set out in the motion therefor. Most of these are of a very formal and general nature, and we shall pass upon such only as seem pertinent and worthy of consideration.

First, as to the indictment, the sufficiency of which is challenged both in the motion for new trial and in arrest. The indictment was drawn under section 4441, Revised Statutes 1909 (Sec. 2120j, Laws of 1903, p. 158). It conforms to the form approved in the case of State v. Cummings, 206 Mo. l. c. 623, and again approved in the case of State v. Tiernan, 223 Mo. l. c. 147. In the case at bar, however, the indictment charges the defendant with attempting to register under a name not his own, while the Cummings and Tiernan cases were prosecutions for the completed offense. The indictment charges that defendant "unlawfully, feloniously, willfully, knowingly, falsely and fraudulently did then and there offer and attempt to register under a name not his own, to-wit, under the name of George Casey, and in such offer and attempt did then and there, unlawfully, feloniously, willfully, knowingly, falsely and fraudulently pretend and represent to the said judges, clerks and officers of registration of said Ninth election precinct of the Fifteenth ward of said city of St. Louis, that his name was George Casey, and

that he was one George Casey, and that he was entitled to register and be registered on the books of registration and registers of said election precinct as a qualified voter and elector of said election precinct, under said name of George Casey, and requested that said judges, clerks and officers of registration of said election precinct enter, write and register the name of him, the said William Dunwoody, on said registers, poll books and books of registration of said election precinct as George Casey, and as a resident and qualified voter and elector of said election precinct, entitled to register and vote in said election precinct, as George Casey, he, the said William Dunwoody, then and there well knowing that his name was not George Casey."

The statute upon which the indictment is based provides that "any person . . . who shall register, or attempt or offer to register under any name not his own or who shall fraudulently register, or offer, or attempt to register, in or under the name of any other person, or in or under any assumed or fictitious name, or in or under any name not his own . . . . shall be adjudged guilty of a felony, and shall be punished by imprisonment in the penitentiary for not less than two years nor more than five years."

In our opinion, the offense defined by the statute, and of which the defendant was convicted, is clearly and properly charged in the indictment.

The first objection in the record was to the introduction in evidence of a certain signature of defendant, the same having been executed by him at the suggestion of a police officer that he sign his name. As defendant's identity as William Dunwoody was an issue, his signature as William Dunwoody was, we think, competent evidence to be laid before the jury, it being equivalent to an admission on his part that such was his name.

There was evidence tending to prove that defendant had previously registered in another election pre-

cinct in St. Louis under the name of William Dunwoody, and the registration book containing his signature was offered in evidence, after one of the judges of registration of said precinct had testified as a witness that defendant was the person who there signed as William Dunwoody. Defendant objected to the introduction in evidence of the registration book, and preserved an exception to the court's action in admitting the same. There was no intimation that defendant had committed any offense by registering in the other precinct, and the evidence objected to was for no other purpose than identification. But though such evidence tended to show that defendant was guilty of another offense, it was still admissible as tending to prove his identity. [Underhill on Crim. Ev., sec. 91; 1 Wigmore on Ev., sec. 414.] "The previous conduct, representations and declarations of a person whose identity is in question are competent if made *ante litem motam*." [6 Ency. of Evidence, p. 922.]

One of the assigned grounds for new trial is that "the court erred in its instructions to the jury, misdirecting the jury as to material matters of law, and submitting to the jury issues not presented by the evidence on the part of the state."

We have carefully read all the instructions, and find no error therein. The first instruction, except that it instructs as to an attempt to register instead of as to the completed offense, is a copy of one approved by this court in the Cummings case, supra. The other instructions are of a formal character, applicable to all criminal prosecutions, and as such have often been approved by this court.

The evidence was amply sufficient to take the case to the jury, and the court did not err in overruling the demurrer thereto.

Finding no reversible error in the record, the judgment is affirmed. All concur.