THE STATE v. JAMES HOLMES, Appellant.

Division Two, February 6, 1912.

1. INDICTMENT: Voter: Fraudulent Attempt to Vote. An indictment which charges that the defendant, whose name is James Holmes, "unlawfully, feloniously, willfully, knowingly, falsely and fraudulently did then and there offer and attempt to register under a name not his own, to-wit, under the name of Joseph Hanley," etc., sufficiently charges that defendant attempted to register under a name not his own.

2. INSTRUCTIONS: Abstract Proposition: Singling Out Part of Evidence. The trial court did not err in refusing the four

instructions asked by defendant which are set out in the opinion. Number 4 was an abstract proposition without any explanation as to how the jury could apply it to the facts. Number 3 is not a correct statement of the law. Those numbered 1 and 2 single out portions of the evidence to the exclusion of the rest, which is not proper.

3. **VOTER: Attempt to Register Under False Name: Evidence.** Appellant entered a polling place, told a judge of election that he wished to register, and then gave a false name. A clerk wrote the name in the original registration book. When defendant gave his address it was objected to as being the number of vacant property, and he left to go, as he said, and see what the number was. *Held*, sufficient facts to show an offer or attempt to register as contemplated by Sec. 4441, R. S. 1909.

4. ———: **Application for Registration.** The application to register contemplated by Sec. 6154, R. S. 1909, is the presentation of one's self at the place of registration with the request to be registered.

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillin,* Judge.

AFFIRMED.

*Alroy S. Phillips* for appellant.

*Elliott W. Major,* Attorney-General, and *John M. Dawson,* Assistant Attorney-General, for the State.

ROY, C.—The defendant was convicted of offering and attempting to register in the city of St. Louis, in a name not his own, and sentenced to two years in the penitentiary, and has appealed.

The indictment, so far as necessary to be read, charged that the defendant unlawfully, feloniously, willfully, knowingly, falsely and fraudulently, did then and there offer and attempt to register under a name not his own, to-wit, under the name of Joseph Hanley, and in such offer and attempt did then and there unlawfully, feloniously, willfully, knowingly, falsely and fraudulently pretend and represent to the

said judges, clerks and officers of registration of said sixth election precinct of the fifth ward of said city of St. Louis, that his name was Joseph Hanley, and that he was one Joseph Hanley, and gave his address as 810 North Seventh street in the said election precinct, and that he was entitled to register and be registered on the books of registration and registers of said election precinct, as a qualified voter and elector of said election precinct, under said name of Joseph Hanley, and requested that said judges, clerks and officers of registration of said election precinct enter, write and register the name of him, the said James Holmes, on said poll books and books of registration of said election precinct, as Joseph Hanley and as a resident and qualified voter and elector of said election precinct, entitled to vote and register in said election precinct as Joseph Hanley, he, the said James Holmes, then and there well knowing that his name was not Joseph Hanley.

There was a motion to quash the indictment which was overruled.

The State's evidence tended to show as follows:

On September 22, 1910, there was duly held in each ward and election precinct of the city of St. Louis a general registration of electors, and appellant, whose correct name is James Holmes, entered the polling place of the 6th precinct of the 5th ward, at 817 North Seventh street about the noon hour, following a man named Martin Hyland. While Hyland was registering, appellant went up to Isaac Stockman, one of the Republican judges of election, and said he wanted to register. When Stockman asked him his name and address appellant replied that his name was Joseph Hanley, residing at 810 North Seventh street (across the street from the polling place). Stockman then called the name to the two clerks of election, who turned in the registration books to the pages containing the names commencing with the letter "H."

At the request of James Byrne, the Democratic clerk, appellant repeated the name and then Byrne wrote it in the proper place in the original registration book. At the request of Byrne appellant then repeated his address. Thereupon Benjamin Sacks, a Republican challenger, interfered and the following conversation took place:

"Sacks. You don't live at 810 North Seventh street?

"Holmes. I sure live there.

"Sacks. That is upstairs over that furniture store. It is vacant.

"Byrne. You go home and get your right address and come back.

"Holmes. Well, I may possibly have the wrong number. I have only been living there a short time. I will go out and see what the number is."

Thereupon appellant left the polling place and in about two minutes was brought back under arrest. At no time was appellant ever sworn, nor did he sign or in any other manner offer to sign the registry books. Other than the above there were no more questions asked and no more entries made in the registry books, and when appellant left in the custody of the officers, the name Joe Hanley was erased from the books.

The defendant asked an instruction in the nature of a demurrer to the evidence, which was refused, and he refrained from introducing any evidence.

The instructions fully covered the law in the case. The defendant asked the following instructions:

"1. The court instructs the jury that the giving of an address and a name, though not true, to a clerk of registration, is not an attempt to falsely register as charged.

"2. The court declares the law to be that the mere act of giving a false name and address is not an attempt nor offer to falsely register; and you are in-

structed that if the State shows no more than this, it will be your duty to acquit the defendant.

"3.   The court instructs the jury that before they can find the defendant guilty under the charge herein, they must find and believe, and it must be proven by the State beyond a reasonable doubt, that the defendant did feloniously intend to register and that in pursuance of said intent he was sworn to answer questions put to him by the judges of registration; that he gave a false name and address; and that he attempted to sign the books of registration; and unless you so believe and find you must acquit him.

"4.   The court instructs the jury that an attempt to falsely register is a criminal and felonious intent coupled with an act toward the doing of the act herein charged, but which failed in the perpetration."

I.   The appellant does not insist in this court that the indictment is not sufficient. It is in all essentials the same as in State v. Dunwoody, 231 Mo. 48, which was held sufficient.

II.   Instruction numbered 4 asked by defendant was an abstract proposition without any explanation as to how the jury could apply it to the facts in the case. Number 3 is not a correct statement of the law. Numbers 1 and 2 single out portions of the evidence to the exclusion of the rest, which is not proper.

III.   Appellant contends that the facts in this case do not show an offer or attempt to register as contemplated by section 4441, Revised Statutes 1909, but that, if any offense is shown, it is an offer or attempt *to make application* to register under section 6154, Revised Statutes 1909. Under the first subdivision of section 6110, Revised Statutes 1909, it is provided that one of the judges "shall administer to all persons who shall personally apply to register" the oath therein prescribed. That occurs before any entries

are made on the books. The words of the statute show that the application is complete before the oath is administered, because the oath cannot be made until after the application is made. We conclude that the application to register contemplated by the statute is the presentation of one's self at the place of registration with the request to be registered. The defendant had so presented himself in this case and had requested to be rgistered. His application was complete. He could not be charged with an offer. or attempt *to make application*, because he had made such application.

This prosecution was properly brought under section 4441, and the evidence was sufficient to sustain the charge. It follows also that the demurrer to the evidence was properly refused.

We are unable in any way to distinguish this case from State v. Dunwoody, supra, where all the points made by appellant are decided against him, and, finding no error in the record, the judgment is affirmed. *Blair, C.,* concurs.

PER CURIAM.—The foregoing opinion of Roy, C., is hereby adopted as the opinion of the court.